[Civ. No. 24680. Second Dist., Div. Three. Mar. 30, 1961.]

EARL S. ROBINSON, Respondent, v. A. M. HUBBARD, JR., Appellant.

Elwood Bowles and Ralph J. McGookin for Appellant.

Phillips & Powers and Douglas C. Phillips for Respondent.

FORD, J.—The defendant, A. M. Hubbard, Jr., appeals from a judgment in favor of the plaintiff, Earl S. Robinson, for the sum of $5,000, together with interest and costs. His sole contention is that the findings upon which the judgment is based are not supported by the evidence.

The nature of the controversy as it appears from the record is as follows. The respondent Robinson purchased a truck and trailer from the White Motor Company about August 14, 1957, under a conditional sales contract. The White Motor Company, as conditional vendor, retained the legal title to

the truck and trailer. On or about August 1, 1958, the respondent agreed to assign his interest in the truck and trailer under the conditional sales contract to the appellant Hubbard. The actual assignment of the respondent's interest in the contract was made in writing about two weeks later at the office of the White Motor Company. The evidence was in conflict as to the terms of the oral agreement made by the appellant and respondent. The respondent testified in effect that the appellant agreed to pay $5,000 cash upon completion of the formalities relating to the transfer of his interest. The appellant conceded that he agreed to pay $5,000 for the respondent's equity, but he claimed that the sum was to be paid out of the profits of a hauling contract which he had agreed to take over from the respondent. No part of the $5,000 was ever paid by the appellant to the respondent.

On this appeal, the appellant argues that the evidence is insufficient to support the findings in that, accepting the respondent's version of the agreement, the evidence introduced by the respondent conclusively established that the appellant's duty to pay $5,000 was subject to a condition precedent, which condition did not occur. Hence, he argues, his obligation to pay the respondent has not matured. Appellant states: ''The evidence is undisputed that the $5,000.00 was to be paid when the ownership certificate (pink slip) was transferred to defendant [appellant] and that it never had been transferred to him.'' The testimony with respect to this issue is set out in the margin.[1]

In the normal course of events a conditional vendor retains legal title to the vehicle purchased under a conditional sales contract until the full purchase price is paid. During the intervening period the conditional vendor keeps possession of the ownership certificate (commonly known as the ''pink slip''), being designated thereon as ''legal owner'' of the vehicle. (Veh. Code, §§ 67, 151-153; see 7 Cal.Jur.2d, Auto-

---

[1]Testimony of the respondent, Earl S. Robinson: ''Q. Was there anything said about the manner in which the $5,000.00 was to be paid? . . . A. I said I wanted the cash. Q. What did the defendant say? A. He said—all he said was 'O. K.' Until we get the papers straightened out and assigned to him. . . . It would take about two weeks. Q. About two weeks? A. Yes, sir; and we fixed it up that he would run my equipment under my name and insurance until then. Until we transferred our—— Q. Until the ownership certificate was transferred to the defendant? A. Yes. . . . Q. What did you say specifically about the money? A. Well, I stated again I wanted my cash when it was all over and when the papers were signed, and he said 'O. K.' . . . Q. When the papers were signed. What was meant by that? A. Well, transfer the ownership over. The pink slip and everything had been put through.''

mobiles, § 442.)[2]  The purchaser under a conditional sales
contract is designated upon such ownership certificate as the
"owner" of the vehicle. (Veh. Code, §§ 66, 152-153.) Upon
transfer of the vendee's interest in the vehicle by assignment,
the assignee's name must be substituted for the assignor's
upon the ownership certificate as "owner" of the vehicle.
(Veh. Code, §§ 175, 181, 186.)

▮▮▮     The issue, in essence, was whether the parties agreed
that the money was to be paid when the possession of the
pink slip was transferred to the appellant, or whether the
agreement was that the payment would be due when the
necessary formal steps had been taken to transfer respond-
ent's interest under the conditional sales contract to appellant.
The latter event occurred;[3] the former did not. If the evi-
dence is sufficient to sustain the conclusion that payment was
conditioned upon the latter, the appellant's claim must fail.

It was for the trial judge, as the trier of fact, to determine
from the evidence presented what the agreement of the parties
was as to the time when the $5,000 was to be paid. The testi-
mony with reference to the ownership certificate was to some
extent ambiguous. Viewed in context, however, much of the
ambiguity is removed. A reasonable inference to be drawn
from the respondent's testimony was that the agreement was
for a present transfer of his interest and a concurrent cash
payment. Under the conclusion which appellant contends the
trier of fact should have reached, the appellant would not
have had to pay respondent until the entire purchase price

---

[2]In this opinion, all references to the Vehicle Code are with respect to
sections as they were worded in 1958 and not to sections of the present
Vehicle Code.

[3]Testimony of Mr. Leo Saasta, credit manager of the White Motor
Company, the conditional vendor:  "Q. . . . I understand there were
some papers that were transferred. It was on a conditional sales con-
tract, was it not, to Mr. Robinson?  A. That is correct. . . .  Q. And the
conditional sales contract was simply transferred to Mr. Hubbard; isn't
that correct?  A. As a transfer of equity, yes. . . .  Q. And when you
state that the ownership certificate was transferred—you never had trans-
ferred that over.  Was the tractor ever transferred to Mr. Hubbard?
A. Yes, it was.  Q. The ownership?  A. The ownership was transferred
to Mr. Hubbard from Mr. Robinson.  Q. I believe I will have to re-phrase
that one question.  You know what the pink slip is to the truck, do you?
A. Yes.  Q. You know what the—— A. That is the ownership certificate.
Q. You made Mr. Hubbard the legal owner of the truck?  A. No, the
registered owner.  The White Motor Company is the legal owner.  Q. The
legal ownership was never transferred to Mr. Hubbard, was it?  A. No,
sir.  Q. He was simply the registered owner, was he not?  A. That is
correct.  Q. But the pink slip was never transferred to Mr. Hubbard,
was it?  A. Not as legal owner; no, sir.''

had been paid to the conditional vendor since until that time the vendor had the right to retain possession of the certificate of ownership. The trial court was warranted in determining that that was not the intention of the parties. The determination of the trial court was clearly consistent with the evidence presented. We have no power to interfere where the trial court's conclusion finds substantial support in the evidence. (*New* v. *New*, 148 Cal.App.2d 372, 383 [306 P.2d 987]; *Estate of Miller*, 143 Cal.App.2d 544, 549 [299 P.2d 1005].)

The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.